IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

RECEIVED
USDC CLERK. CHARLESTON. SC
2005 JUN -7  P 3 27

Timothy Ray Holtzclaw,                )
                                      )
            Plaintiff,                )   Civil Action No. 9:05-1103-GRA-GCK
                                      )
vs.                                   )   **ORDER**
                                      )
Robert Daly, Director and             )
Eric Boggs, Captain,                  )
                                      )
            Defendants.               )
_____)

The Plaintiff has resumed filing his almost daily motions.[1]

There are now three (3) pending motions, Item #28 captioned "Appeal to Denied Motion for Relocation", Item #31 "Motion to Subpoena(s) Witness'(s)" and Item #32 "Appeal to Denied Motion for Relocation".

Plaintiff's "Appeal to Denied Motion for Relocation" appears to request the Court that he seeks to be released because it ".. it is a direct conflict of interest(s) for him to remain a detainee of ACDC (Anderson County Detention Center) who fears retalitory action by ACDC staff." [Item #28]  The Court perceives this is a motion to be moved to some other facility, which is the gravamen of his complaint. [Item #1]  On June 7, 2005, this motion was filed again with the proper memoranda and certificate of service attached. [Item # 32]  Both motions, Item #28 and Item #32, are **denied**.

---

[1]  May 6, 2005, Motion to appoint counsel. [Item #10]
May 9, 2005, Motion for medical records and to relocate to the City of Anderson's facilities. [Item #13]
May 9, 2005, Motion for Leave to Proceed Informal Pauperis. [Item #16]
May 13, 2005, Motion for extension of time. [Item #20].
May 17, 2005, Motion for extension of time. [Item #23]
May 23, 2005, Motion for Relocation, subject of this Order. [Item #28].
May 23, 2005, Objections to the Order under Freedom of Information Act. [Item #29].
May 21, 2005, Motion to Subpeona Witnesses, subject of this Order. [Item #31].
June 7, 2005, Motion for Relocation. [Item # 32].

The Supreme Court has frequently and repeatedly refused to intervene in routine administrative decisions by prison officials, noting that the states have an interest in maintaining security and discipline within their prison systems and that the courts have neither the desire nor the expertise to administer state prisons. See generally, Hudson v. Palmer, 468 U.S. 517, 523, 104 S.Ct. 3194, 3198, 82 L.Ed.2d 393 (1984) and Bell v. Wolfish, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979)



Because prisoners retain certain constitutional rights, "[w]hen a prison regulation or practice offends a fundamental constitutional guarantee, federal courts will discharge their duty to protect constitutional rights." Procunier v. Martinez, 416 U.S., at 405- 406, 94 S.Ct., at 1807-08. A second principle identified in Martinez, however, is the recognition that "courts are ill equipped to deal with the increasingly urgent problems of prison administration and reform." Id., at 405, 94 S.Ct., at 1807. As the Martinez Court acknowledged, "the problems of prisons in America are complex and intractable, and, more to the point, they are not readily susceptible of resolution by decree." Id., at 404-405, 94 S.Ct., at 1807. Running a prison is an inordinately difficult undertaking that requires expertise, planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government. Prison administration is, moreover, a task that has been committed to the responsibility of those branches, and separation of powers concerns counsel a policy of judicial restraint. Where a state penal system is involved, federal courts have, as we indicated in *Martinez,* additional reason to accord deference to the appropriate prison authorities. See id., at 405, 94 S.Ct., at 1807.

In Plaintiff's has filed Item #31 "Motion to Subpoena Witness(es)", he apparently seeks to subpoena fifteen (15) witnesses including the Honorable Carey B. Murphy, Municipal Court Judge. Plaintiff does not state what hearing or trial such subpoenas should be issued. A diligent search of the record indicates that there are no trial dates, nor hearing dates scheduled and thus any issue of a subpoena by this Court would be for a non-existent hearing. Plaintiff's motion to Subpoena Witness(s) is therefore **denied**.

On June 3, 2005, Plaintiff filed a group of letters and a document captioned "Response (Statement of Facts) & Affidavit of Director". This will be entered by the Clerk of Court as a Supplement to Plaintiff's motion to extend time [Item #23] and Motion to Relocate [Item #28]. These motions already have been ruled upon and this delayed response contains no information which would result in the Court revisiting its decision. Plaintiff's request for the Clerk's Office to provide copies of his own documents for service is clearly controlled by previous Orders of this Court filed in the initial state of the litigation on April 20, 2005, [Item #3].

IT IS SO ORDERED.

George C. Kosko
United States Magistrate Judge

June 7, 2005

Charleston, South Carolina