UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Timothy Ray Holtzclaw,<br><br>       Plaintiff,<br><br>  v.<br><br>Robert Daly, Director and Eric Boggs, Captain,<br><br>       Defendants. | C/A No. 9:05-1103-GRA-GCK<br><br><u>ORDER</u><br>(Written Opinion) |

  This matter is before the Court for a review of the magistrate's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C., and filed August 8, 2005.

  Plaintiff brought this suit pursuant to 42 U.S.C. § 1983. The Defendants filed a motion for summary judgment pursuant to Fed. R Civ. P. 56 on June 9, 2005. As the Plaintiff is proceeding *pro se*, a *Roseboro* order was entered by the Court on June 14, 2005 advising Plaintiff of the importance of a motion for summary judgment and of the necessity for him to file an adequate response. Despite this explanation, Plaintiff elected not to respond to the motion. As Plaintiff is proceeding *pro se*, another *Roseboro* order was entered by the Court on July 26, 2005, giving Plaintiff additional time to file his response to the motion for summary judgment. Plaintiff was specifically advised that if he failed to respond, this action

1

would be dismissed for failure to prosecute.   Plaintiff has failed to file any response to the Defendants' motion for summary judgment. The magistrate recommends that this action be dismissed for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Plaintiff is proceeding *pro se*.  This Court is required to construe *pro se* pleadings liberally.  Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

The magistrate makes only a recommendation to this Court.  The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  28 U.S.C. § 636(b)(1).  This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*  In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983).  Plaintiff has not

filed objections.

After a review of the magistrate's Report and Recommendation, this Court finds that the report is based upon the proper law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that the Plaintiff's case be DISMISSED, without prejudice, for failure of the Plaintiff to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

September __8__, 2005

### NOTICE OF RIGHT TO APPEAL

Plaintiff has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.